FOR PUBLICATION

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| WILBERT WILLIAMS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2005-97 |
| | ) | |
| GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS, BOARD OF MEDICAL | ) | |
| EXAMINERS: THELMA R. WATSON, | ) | |
| FRANK A. ODLUM, and JOSEPH | ) | |
| DeJAMES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ATTORNEYS:

**Joel H. Holt, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff.*

**Aquannette Y. Chinnery-Montell, Esq.**
**Tamika Archer, Esq.**
**Terrlyn Smock, Esq.**
**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
     *For the defendants.*


### MEMORANDUM OPINION


**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, Wilbert Williams ("Williams"), for a stay pending appeal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has already set forth the factual and procedural background of this case in great detail. *See Williams v. Gov't of the V.I.*, Civ. No. 2005-97, 2008 U.S. Dist. LEXIS 99954 (D.V.I.

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 2

Dec. 8, 2008).  The Court therefore recites only those facts necessary for the resolution of Williams' motion.

Williams has been a family medical doctor on St. Croix, U.S. Virgin Islands since 1983.  After one of his patients died in 2005, the Virgin Islands Board of Medical Examiners (the "Board") first suspended his license for one year and subsequently revoked it for life.  Williams sued the Board and its members (together, the "Defendants") in this Court, alleging various constitutional and Virgin Islands statutory violations.  Williams sought a temporary retraining order ("TRO") to prevent the Board from enforcing its decisions regarding his license.

On July 12, 2005, the Court granted Williams' motion for a TRO and enjoined the Board from enforcing its suspension of Williams' license.  On March 30, 2006, the parties stipulated on the record to an extension of the TRO until further order of the Court.  The Court approved the parties' stipulation.  As such, the TRO became, in effect, a preliminary injunction. *See United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1397 (6th Cir. 1991).

Thereafter, the Defendants moved to dismiss this matter on the basis of the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).  After an evidentiary hearing, the Court ruled that abstention from considering Williams' claims was appropriate.

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 3

Williams has appealed the Court's ruling.  He now seeks a stay pending appeal and asks the Court to reinstate the injunction.  The Defendants have filed an opposition to the motion.[1]

## II. DISCUSSION

When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).  "[T]he traditional stay factors contemplate individualized judgments in each case." *Hilton*, 481 U.S. at 777.

---

[1]  Williams filed his motion on December 15, 2008.  Under normal circumstances, the Defendants' opposition had to be filed no later than December 31, 2008. *See* LRCi 7.1(e) (2008) ("A party shall file a response within ten (10) days after service of the motion.").  The Defendants did not file their opposition on that date.  Instead, on that date, the Defendants filed a document entitled "Notice of Intention to File Response to Plaintiff's Motion for Stay."  The record does not reflect that the Defendants sought or were granted an extension of time.  The Defendants filed their opposition on January 5, 2009.  As such, the opposition is untimely.

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 4

### III. <u>ANALYSIS</u>

In support of his request for a stay pending appeal and the restoration of the injunction, Williams makes no real effort to demonstrate how any of the stay factors favor him. Instead, Williams states that: he has practiced medicine in the Virgin Islands for many years with nary a complaint; he has abided by all of this Court's deadlines and will continue to do so as he pursues his appeal; the arguments he presented to this Court were not frivolous; and, since the Court dismissed this case, he has filed suit against the Defendants in the Superior Court of the Virgin Islands on the claims he asserted in this Court. Despite Williams' nearly total silence on the stay-pending-appeal analysis, the Court will determine whether Williams is entitled to the relief he seeks.

The first factor strongly disfavors Williams. He has made no showing that he is likely to succeed on the merits on appeal. In determining that abstention was appropriate under *Younger*, the Court carefully considered Williams' evidence in support of his argument that the Board exhibited bad faith and was biased against him and that this matter presented exceptional circumstances warranting federal attention. The Court found that the evidence Williams adduced was insufficient to bring him within any of those well established exceptions to the *Younger* doctrine. The Court perceives no reason to disturb that finding

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 5

now.

The second factor likewise counsels against a stay. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Wisconsin Gas Co. v. Fed. Energy Reg. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (emphasis in original; citation omitted). "Impact on business . . . 'may constitute irreparable harm only where the loss threatens the very existence of the movant's business." *In re Verizon Internet Servs.*, 257 F. Supp. 2d 244, 272 (D.D.C. 2003).

Williams avers in an affidavit attached to his motion that he will suffer irreparable harm because he cannot practice medicine without a medical license. Williams' license was suspended, and later revoked, more than three years ago. Williams does not assert, nor does the record reflect, that he has suffered irreparable injury during that time. Furthermore, there is nothing in the record to suggest that Williams has not been practicing medicine notwithstanding the suspension and revocation of his license. Indeed, the testimony at the abstention hearing reflects that Williams has been practicing medicine throughout the pendency of this lawsuit but has been unable to submit insurance claims. In other words, Williams has lost one source of income from his medical practice. That loss

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 6

hardly qualifies as irreparable injury for stay purposes.[2] *See*,
*e.g.*, *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d
738, 747 (D.C. Cir. 1995) (noting that courts "require the moving
party to demonstrate at least 'some injury.'"); *CFTC v. Equity
Fin. Group, LLC*, Civ. No. 04-1512, 2007 U.S. Dist. LEXIS 34706,
at *5 (D.N.J. May 11, 2007) (denying a motion to stay where,
*inter alia*, the movant made no showing of irreparable injury).

The third factor -- substantial injury to the non-moving
party -- is a wash.  The Defendants claim that to reimpose the
injunction on them at this point would disserve the public.  As
discussed below, the Court does not dispute that claim.  However,
the Defendants fail to pinpoint any real injury they might suffer
if they are enjoined anew from enforcing their decision regarding
Williams' license.  In 2006, the Defendants themselves stipulated
on the record to an indefinite extension of this Court's TRO.
That extension lasted for more than two years.  The Court fails
to see how the Defendants would be substantially injured if the
injunction were reinstated during Williams' appeal.  As such,
this factor is neutral.

_____

[2]  In addition, the effect, if any, of a stay is unclear.
The record reflects that Williams' last license expired on
September 30, 2005.  The record does not reflect that he has
since renewed his license.  Accordingly, preventing the
enforcement of the Board's decisions to suspend and to revoke
Williams' license, would serve no purpose.  That is so because
Williams has no license to suspend or to revoke.  That
circumstance also weighs against a stay.

*Williams v. Gov't of the Virgin Islands, et al.*
Civil No. 2005-97
Memorandum Opinion
Page 7

The fourth factor militates strongly against a stay.  As the Court noted in its ruling on abstention, "the Virgin Islands has an overriding interest in the regulation of its medical professionals." *Williams*, 2008 U.S. Dist. LEXIS 99954, at *14 (citations omitted).  The Court further found that in investigating Williams' conduct and later de-licensing him, the Board had the public interest very much in mind. *Id.* at *32. These principles speak with as much force now as they did then. Indeed, the Legislature of the Virgin Islands created the Board to safeguard the "public health, safety and welfare" of Virgin Islands residents against "the unprofessional, improper and incompetent practice of medicine[.]" V.I. CODE ANN. tit. 27, § 2. The Board acted on Williams' license because it concluded, based on the evidence before it, that Williams' practice fell within at least one of those categories.  To prohibit enforcement of the Board's decision now would thwart the public interest.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny the motion for a stay pending appeal.  An appropriate order follows.

S\_____
        **CURTIS V. GÓMEZ**
          **Chief Judge**